## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **SHAWNTE SHADE #327436,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:21-cv-00025** |
| | ) | **JUDGE TRAUGER** |
| **CORE CIVIC, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

## MEMORANDUM AND ORDER

Shawnte Shade, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. (Doc. No. 1.)  Rather than paying the filing fee, he has also filed an application to proceed in forma pauperis (IFP). (Doc. No. 2.)  The case is now before the court for ruling on that application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915A and 42 U.S.C. § 1997e.

### I.      ASSESSMENT OF THE FEE

Under 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a).  Because it is apparent from the plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff must nonetheless be assessed a $350.00 civil filing fee.  Accordingly, the administrator of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's prison trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits

to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the administrator must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the clerk of court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW

Pursuant to 28 U.S.C. § 1915A, the court is required to conduct an initial review of any complaint in which a prisoner seeks relief from a governmental entity or employee, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards

2

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

The plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff alleges that in the early afternoon of August 21, 2020, he and other diabetic prisoners were in the gym at Trousdale Turner Correctional Center (TTCC), where they had just received their insulin, when they were prevented for unexplained reasons from returning to their units to eat. (Doc. No. 1 at 2–3.) According to the plaintiff, diabetic inmates should eat within twenty minutes of receiving insulin to avoid illness "or a more severe outcome." (*Id.* at 3.) When the plaintiff explained that situation and asked if they could leave the gym, Assistant Warden Vincent Vantell responded "No . . . Go sit your ass down!" (*Id.*) A short while later, the plaintiff observed other diabetic inmates leaving the gym and assumed that they were being released, so he proceeded toward the door. (*Id.*) At that point a corrections officer yelled for all the diabetic prisoners to get back into the gym, and Sergeant Grover Wright "mumbled a few words" then sprayed the crowd of diabetics with pepper spray. (*Id.* at 3–4.) The plaintiff turned

3

his head into the corner of the gym wall to avoid being sprayed, but Wright entered the gym and sprayed the plaintiff on the face and the back of the head. (*Id.* at 4.)  At some point, Vantell ordered Wright to "earn his paycheck," causing Wright to spray the plaintiff again. (*Id.* at 6.)  The plaintiff was grabbed and "taken to his knees," at which point Security Threat Group Coordinator Hudson twisted his foot, and Vantell hit him in the ribs. (*Id.* at 5.)  The plaintiff was then escorted to a segregation unit without receiving any decontamination from the pepper spray, and nursing staff were not notified of his need for medical attention until three hours later. (*Id.* at 5.)

The plaintiff claims that the force used against him was excessive, without warning, contrary to applicable policies and training, and caused one of his teeth to be chipped. (*Id.* at 7–8.)  He sues Core Civic (the private prison management company operating TTCC through a contract with the Tennessee Department of Correction), Vantell, Wright, and Hudson and seeks damages totaling $18 Million. (*Id.* at 1–2, 7–8.)

An Eighth Amendment excessive force claim has both a subjective and objective component. *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010).  To determine whether the subjective component is met, the question is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  Considerations relevant to this subjective component may include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Williams*, 631 F.3d at 383 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).  The objective component asks whether the pain inflicted was "sufficiently serious." *Williams*, 631 F.3d at 383

(citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component is met when force is used maliciously and sadistically to cause harm regardless of whether significant injury is evident. *Williams*, 631 F.3d at 383 (citing *Wilson*, 501 U.S. at 289); *see also Wilkins*, 559 U.S. at 34.

The plaintiff has alleged facts sufficient to state nonfrivolous claims for excessive force under that standard against Defendants Vantell, Wright, and Hudson in their individual capacities. Those claims encompass each defendant's personal use of allegedly excessive force as well as his failure to intervene in any excessive force applied by the other Defendant. *See Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (holding that a defendant may be liable for failing to intervene in an excessive use of force if he "observed or had reason to know that excessive force would be or was being used" and "had both the opportunity and the means to prevent the harm from occurring").

The claim against Core Civic and against any of the defendants in their official capacities, however, must be dismissed. Private entities acting under color of state law, including their employees in their official capacities, may be liable under Section 1983 where a plaintiff alleges that a corporate "policy or custom" that was "the moving force behind" a constitutional deprivation. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010)); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"); *Galloway v. Swanson*, No. 5:09CV02834, 2012 WL 646074, at *8 (N.D. Ohio Feb. 28, 2012), *aff'd sub nom. Galloway v. Anuszkiewicz*, 518 F. App'x 330 (6th Cir. 2013) ("An official capacity claim against an employee of a private corporation is viewed as a claim against the corporate entity itself."). But the plaintiff here expressly alleges that the individual

5

defendants' unconstitutional actions were contrary to policy and to their training. Accordingly, there is no basis for corporate liability in this case.

To the extent the plaintiff intended his allegations about officials' ignoring his needs as a diabetic or his need for medical care after the use of force to constitute claims for deliberate indifference to medical needs, those claims will also be dismissed. Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment to the United States Constitution. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). But the plaintiff does not allege that he suffered any injury from the delay in eating after receiving his insulin or that any injury from the use of force was exacerbated by the subsequent delay in medical care. In the Eighth Amendment context, "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir.1994). In addition to the long-standing legal requirement of an "injury" in case law concerning prisoner complaints, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

### III.    FURTHER ACTION

This case will proceed on the plaintiff's claim for excessive force against Defendants Vantell, Wright, and Hudson in their individual capacities. The Clerk is **INSTRUCTED** to send the plaintiff service packets (a blank summons and USM 285 form) for those defendants. The

6

plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **21 days** of the date of receipt of this Order. Upon return of the service packets, **PROCESS SHALL ISSUE**. The plaintiff is cautioned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

The plaintiff's claims for deliberate indifference to serious medical needs are **DISMISSED** without prejudice to the plaintiff's ability to add those claims in an amended complaint if he can allege sufficient facts to satisfy the standards explained above. The claims against Core Civic and its employees in their official capacities is **DISMISSED**.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. The court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

7